**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

ADMIRAL ALA'AD-DIN BEY,

     *Plaintiff*,

    v.

UNITED STATES DEPARTMENT OF
JUSTICE,

     *Defendant*.

Civil Action No. 26‑37 (LLA)

---

**MEMORANDUM OPINION**

In August 2011, Admiral Ala'Ad-Din Bey was charged with assaulting a federal officer in violation of 18 U.S.C. § 111(a) and (b). *See* Compl. at 1-2, *United States v. Amin-Bey*, No. 16-CR-91 (D.N.J. Aug. 18, 2011), ECF No. 1. In 2016, he pleaded guilty to the one-count information. Minute Entry, *United States v. Amin-Bey*, No. 16-CR-91 (D.N.J. Feb. 29, 2016), ECF No. 59. He was sentenced to time served and a one-year term of supervised release. *See* Judgment at 2-3, *United States v. Amin-Bey*, No. 16-CR-91 (D.N.J. May 12, 2016), ECF No. 64.

In 2023, Mr. Amin-Bey filed a 793-page pro se motion seeking to reopen his criminal case. Request to Reopen Case, *United States v. Amin-Bey*, No. 16-CR-91 (D.N.J. May 22, 2023), ECF No. 65. The court denied his request and his subsequent motions without prejudice, explaining that "[t]o the extent Defendant is petitioning to set aside his plea or sentence, he must file a motion pursuant to 28 U.S.C. § 2255." Order at 1-2, *United States v. Amin-Bey*, No. 16-CR-91 (D.N.J. June 16, 2023), ECF No. 74. Mr. Amin-Bey then filed a motion pursuant to 28 U.S.C. § 2255, apparently challenging his 2016 conviction on jurisdictional grounds. *See* Motion to Vacate, Set Aside, or Correct Sentence, at 2, *Amin-Bey v. United States*, No. 23-CV-3512

(D.N.J. June 28, 2023), ECF No. 1.  The court issued an order requiring Mr. Amin-Bey show cause why the case should not be dismissed because he was no longer in custody.  Order at 3, *Amin-Bey v. United States*, No. 23-CV-3512  (D.N.J. Aug. 30,  2023), ECF  No. 11.   That order administratively terminated the case pending receipt of Mr. Amin-Bey's response.   *Id.* Mr. Amin-Bey twice appealed the show-cause order, but his appeals were dismissed for lack of jurisdiction because there was no final appealable order.  *See Amin-Bey*, No. 23-CV-3512, ECF Nos. 12 to 15, 17, 18, 21.

Mr. Amin-Bey subsequently commenced this action against the U.S. Department of Justice.  ECF No. 1.  He alleges that "the Department of Justice & United States District Court [for the] District of New Jersey [have] violated [his] Moorish Afrimerican Islaamic faith-based religious freedom of speech rights to proclaim [his] autocephalous Moorish Afrimerican Nationality & autocephalous aboriginal Moorish Afrimerican Islaamic Universal Religion of Truth."  *Id.* at 1.  Although his complaint is no picture of clarity, it appears that he is again challenging his criminal conviction in the District of New Jersey.  *See, e.g.*, *id.* (discussing the "District of New Jersey['s] facilitation of abuse of process & malicious prosecution"); *id.* at 2 (explaining that he has submitted declarations "for the purpose of overturning the verdict for criminal case 2:16-cr-91 in the United States District Court of New Jersey"); *id.* at 4-5 (arguing that he entered into his plea of guilty under duress).

It is well established that this court "lacks jurisdiction to review decisions of other federal courts."  *Klayman v. Rao*, 49 F.4th 550, 552 (D.C. Cir. 2022) (per curiam) (quoting *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006)); *see Calderon v. Brown*, No. 15-CV-75, 2015 WL 222164, at *1 (D.D.C. Jan. 13, 2015) ("As a general rule applicable here, this [c]ourt lacks subject matter jurisdiction to review the decisions of another court[.]").  The court will accordingly

dismiss Mr. Amin-Bey's case for lack of jurisdiction.  In light of that dismissal, the court will deny as moot his motion for service by the United States Marshals Service.  ECF No. 2.  A contemporaneous order will issue.

_____
LOREN L. ALIKHAN
United States District Judge

Date:   April 2, 2026

3